IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WILLIE HALL, IV, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | 1 : 12-CV-183 (WLS) |
| : | |
| MS. DUNLAP, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. § 1983 is Defendants' Motion to Dismiss, wherein Defendants contend, in part, that Plaintiff has failed to exhaust his administrative remedies, and has failed to allege facts that show he is entitled to monetary damages and injunctive relief. (Doc. 16).

**Background**

Plaintiff filed this action on December 3, 2012, alleging that his constitutional rights were violated while he was housed at Autry State Prison ("ASP"). (Docs. 1, 6). Plaintiff maintains that Defendant Dunlap, an officer at ASP, identified Plaintiff as a "snitch" in front of other prisoners. Plaintiff contends that he was attacked by inmates one week after he was labeled a "snitch" by Defendant Dunlap, and a statewide prison "hit" was placed on Plaintiff by the Gangsta Disciples. After the attack, Plaintiff was transferred to Coffee County Correctional Facility ("CCF") by Defendants Warden Cedric Taylor and Deputy Warden Jefferson. Plaintiff alleges that Defendants Taylor and Jefferson placed Plaintiff in further risk of harm when they transferred him, because these two Defendants did not fully advise CCF of the danger Plaintiff faced as a result of the statewide "hit" that had been placed on Plaintiff.

**Discussion**

A motion to dismiss can be granted only if Plaintiff's Recast Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

*Exhaustion of Administrative Remedies*

Defendants allege that Plaintiff has failed to exhaust his administrative remedies, and thus, his Recast Complaint should be dismissed. (Doc. 16-1). In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint

> is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendants' Motion and Plaintiff's Response reveals a conflict. In his Responses, Plaintiff states that he exhausted his administrative remedies through the final appeal. (Docs. 19, 23). Defendants contend that Plaintiff failed to exhaust the administrative remedies available to him regarding the claims alleged against Defendants. (Docs. 16-1, 20). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the *Turner* analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Complete administrative exhaustion is a precondition to filing a lawsuit. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Woodford*, 548 U.S. at 89-92. To remedy a prison complaint, Plaintiff was required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal. Georgia Dep't of Corrections SOP IIB05-001 § VI; (Doc. 16-2, Trowell Affidavit, ¶ 7; 16-3).

Defendants contend, and support with an affidavit from the Grievance Coordinator at CCF, Alisa Trowell, that Plaintiff did not exhaust any grievances regarding the allegations stated in the Recast Complaint. (Doc. 16-2, Trowell Affidavit). The affidavit testimony establishes the presence of a grievance system at CCF, and that Plaintiff filed a grievance related to Defendants' deliberate indifference while housed at CCF, a copy of which Defendants have provided to the Court. (*Id.* at ¶¶ 4, 16; Doc. 16-5).

On February 12, 2012, Plaintiff filed informal grievance number 111037 alleging that he was labeled a "snitch" by Defendant Dunlap, that a hit was placed on his life, and that he was transferred to CCF. (Docs. 16-2, Trowell Affidavit, ¶ 16; 16-5, p. 4; 19-1). The informal grievance was not resolved, and Plaintiff filed a formal grievance. (Docs. 16-2, Trowell Affidavit, ¶ 16; 16-5, pp. 3-4). The formal grievance was denied after a review of Plaintiff's complaint found no evidence to substantiate the allegations. (Docs. 16-2, Trowell Affidavit, ¶ 16; 16-5, p. 3; 19-3). Plaintiff filed an appeal to the Commissioner, which was denied because Plaintiff "failed to file [his] informal grievance within the timelimit set forth by the Standard Operating Procedures." (Docs. 16-5, p. 2; 19-4; *see also* Doc. 16-2, Trowell Affidavit, ¶ 16).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some ordering structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. "If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims." *Williams v. Tanner*, 2006 WL 2699180 (S.D. Ga. Sept. 19, 2006) (citing *Woodford*, 548 U.S. 81).

Defendants maintain that Plaintiff failed to *properly* exhaust his administrative remedies because his informal grievance was untimely filed, and thus Plaintiff has not exhausted his administrative remedies. (Doc. 16-1). Plaintiff contends that because CCF accepted both his informal and formal grievances and decided these grievances on the merits, CCF waived the time requirements. (Docs. 19, 23).

Plaintiff was required to file his grievance within ten (10) days from the date Plaintiff knew or should have known of the facts giving rise to his grievance. (Doc. 16-2, Trowell

4

Affidavit, ¶ 9). The Georgia Department of Corrections "may waive the untimeliness of a grievance." *Maloch v. Pollard*, 2012 WL 780380, * 11 (N.D. Ga., March 7, 2012); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (noting that Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"). Plaintiff was allegedly identified as a "snitch" by Defendant Dunlap on October 7, 2011. Thus, Plaintiff was required to file a grievance by October 17, 2011. Grievance 111037 was not filed until February 12, 2012. While there is no reference on Plaintiff's informal or formal grievance that the time requirement was waived, the informal and formal grievances were not denied as "untimely".

"The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Woodford*, 548 U.S. at 95. Here, CCF had the opportunity to deny Plaintiff's informal grievance as untimely. Rather than simply deny the informal grievance, the informal grievance was not resolved, and Plaintiff was given a formal grievance. CCF also did not deny the formal grievance because the informal grievance was untimely; CCF specifically stated that it had reviewed Plaintiff's complaint, and found no evidence to substantiate Plaintiff's allegations.

Plaintiff's appeal was denied because Plaintiff failed to file his informal grievance within the required time period. (Doc. 19-4). Plaintiff's informal grievance was not filed within the required time period; however, the informal grievance was not denied as "untimely", and Plaintiff's formal grievance was accepted by CCF and was denied <u>on the merits</u>. As neither Plaintiff's informal nor formal grievance was denied because the informal grievance was not filed within the required time period, Plaintiff had no reason to believe that his grievances had

not been accepted and that his appeal would not be decided on the merits.

The Court finds that Plaintiff filed an informal grievance, a formal grievance, and an appeal in regard to grievance 111037, and the prison system had a full and fair opportunity to review Plaintiff's claim.  Thus, grievance number 111037 was properly exhausted.  *See Maloch*, 2012 WL 780380, *12 (finding GDC waived the time period for the plaintiff to file her informal grievance because the grievance did not state it was being denied because it was untimely, and because the warden testified that the prison accepted and processed the grievance); *Lee v. Smith*, 2010 WL 114876 (S.D. Ga. Jan. 12, 2010) (finding the plaintiff exhausted his administrative remedies when the plaintiff's appeal was denied based on a procedural error after the formal grievance, filed with the same procedural error, was denied <u>on the merits</u>); *Ross v. County of Bernalillo*, 356 F.3d 1181, 1186 (10th Cir. 2004) (abrogated on other grounds) ("If a prison accepts a belated filing, and considers it on the merits, that step makes the filing proper for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court.").

Plaintiff filed an informal grievance, formal grievance, and appeal regarding the claim alleged against Defendant Dunlap.  The Court finds that Plaintiff has exhausted the claim underlying this lawsuit as to the claim alleged against Defendant Dunlap, in that, he utilized the available administrative remedies to grieve the alleged offense of Defendant Dunlap.

Grievance 111037 does not, however, adequately complain of the actions allegedly committed by Defendants Taylor and Jefferson.  In his Recast Complaint, Plaintiff maintains that Defendants Taylor and Jefferson were deliberately indifferent to a serious risk of harm to Plaintiff because these two Defendants did not fully advise CCF of the danger Plaintiff faced as a

result of the statewide "hit" that had been placed on Plaintiff.   (Doc. 6).

When a plaintiff files a grievance he is required to include all of the relevant information available.  *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000).   As such, Plaintiff's grievance was required to put prison officials on notice that Defendants Taylor and Jefferson acted with deliberate indifference by failing to notify CCF of the "hit" that had been placed on Plaintiff when they transferred him to CCF.   Instead, Plaintiff only references a transfer to CCF in the grievance; he does not allege that Defendants Taylor and Jefferson transferred him, that Defendants Taylor and Jefferson failed to take action to protect Plaintiff during the transfer, or that there was a serious risk of harm to Plaintiff as a result of the transfer to CCF.   In fact, there is no mention of Defendant Jefferson in any of the three grievances, and no allegations of wrongdoing as to Defendant Taylor in the grievances.   Plaintiff did not sufficiently grieve the claims alleged against Defendants Taylor and Jefferson.   Accordingly, the undersigned finds that Plaintiff did not exhaust the administrative remedies available to him as to Defendants Taylor and Jefferson.  *See Ismail Khalid v. Herczeg*, 2006 WL 1735874 (M.D. Ga. June 21, 2006) (finding the plaintiff exhausted the administrative remedies, but because the grievance did not address the underlying claim of the lawsuit, the case was dismissed).

The undersigned therefore recommends that Defendants' Motion to Dismiss be **GRANTED** as to Defendants' assertion that Plaintiff failed to exhaust the administrative remedies available to him as to Defendants Taylor and Jefferson, but be **DENIED** as to Defendants' assertion that Plaintiff failed to exhaust the administrative remedies available to him as to Defendant Dunlap.

*Damages*

Defendants also assert that Plaintiff is not entitled to the damages he requests, and thus the Recast Complaint should be dismissed.[1] (Doc. 16-1). Defendants do not maintain that Plaintiff failed to state a claim against Defendant Dunlap; rather, Defendants assert that Plaintiff has failed to allege sufficient physical injury to recover monetary damages, and that Plaintiff is not entitled to injunctive relief.

<u>*Monetary damages*</u>

The Eleventh Circuit has held that a plaintiff who can show no injury is not allowed compensatory damages under § 1917e(e). *See Boxer X v. Donald*, 169 Fed. Appx. 555, 558 (11th Cir. 2006) (plaintiff did not allege any physical injury and, therefore, was not entitled to compensatory relief). However, "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003). The PLRA also provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1917e(e). The physical injury suffered by Plaintiff "must be more than *de minimis*, but need not be significant" in order to satisfy § 1917e(e). *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated, reh'g granted en banc* 197 F.3d 1059 (11th Cir. 1999), *reinstated in part*, 216 F.3d 970 (11th Cir. 2000).

---

[1] Defendants assert that Plaintiff has not stated a claim against Defendants Taylor and Jefferson, but the Court need not discuss Defendant Taylor and Jefferson's additional arguments for dismissal because the Plaintiff failed to exhaust all administrative remedies available to him regarding those two Defendants.

Plaintiff alleges that he was attacked a week after Defendant Dunlap labeled Plaintiff a "snitch." (Doc. 6). While Plaintiff does not provide more information regarding the injuries caused as a result of the attack in his Recast Complaint, Plaintiff states that he suffered severe bruises, and pain to his neck, head, and mid-section as a result of the attack in his Response to Defendants' Motion to Dismiss. (Doc. 19); *see Jones v. Nicholson*, 2011 WL 2160918, *3 (M.D. Ga. June 1, 2011) (the court considered a *pro se* plaintiff's response and supplemental brief to be supplements to the plaintiff's complaint when ruling on a motion to dismiss). Plaintiff has provided sufficient facts to allege that he suffered an injury when he was attacked, and has sufficiently alleged the injury was caused by the alleged unconstitutional actions of Defendant Dunlap. The undersigned, therefore, recommends that Defendants' Motion to Dismiss be **DENIED** as to the assertion that Plaintiff has failed to allege facts showing he is entitled to monetary damages.

*Injunctive Relief*

In his Recast Complaint, Plaintiff has also requested that the Court order him transferred "outside of the Dept. of Corrections prison system to another agency system." (Doc. 6, p. 8). "An inmate may be granted injunctive relief or declaratory relief even in the absence of proof that he actually has been injured by the dangerous condition." *Nichols v. Riley*, 141 Fed. Appx. 868, 869 (11th Cir. 2005). "[T]he Supreme Court has implicitly recognized that prisoners have standing for injunctive relief where they allege a contemporary violation that is likely to continue." *Bonner v. Chambers County*, 2006 WL 1731135, *4 (M.D. Ala., June 19, 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 845-46 (1970)).

Plaintiff has alleged that, after Defendant Dunlap told inmates that Plaintiff was a "snitch", a text message was sent to all Georgia prisons containing a picture of Plaintiff and labeling him a

"snitch". Plaintiff alleges that he is still under a high risk of danger in all Georgia prisons as a result of the statewide text message. (*See* Docs. 6, 19). As Plaintiff has alleged an on-going risk to his safety, the undersigned finds that dismissal of his claim for injunctive relief is inappropriate at this time. Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **DENIED** as to Defendants' assertion that Plaintiff has failed to allege facts showing that he is entitled to injunctive relief.

## Conclusion

The undersigned finds that Plaintiff has failed to exhaust the administrative remedies available to him as to Defendants Taylor and Jefferson. The undersigned, however, does find that Plaintiff has exhausted the administrative remedies available to him as to the claim alleged against Defendant Dunlap, and that Plaintiff has sufficiently alleged facts that show he may be entitled to both monetary damages and injunctive relief.

Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED-in-part** and **DENIED-in-part** as follows: the Motion to Dismiss be **granted** as to the claims alleged against Defendants **Taylor** and **Jefferson** due to Plaintiff's failure to exhaust his administrative remedies, the Motion to Dismiss be **denied** as to the assertion that Plaintiff has failed to exhaust the administrative remedies available to him as to the claim alleged against Defendant **Dunlap**, and the Motion to Dismiss be denied as to the assertion that Plaintiff has failed to state a claim showing he is entitled to the relief he seeks.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this

Recommendation.

If any Defendant remains in this case after the district judge enters an order addressing this Recommendation, it is the recommendation of the undersigned that the district judge order any such Defendant to file an Answer to the Recast Complaint within **twenty-one (21) days** of the date such order is entered.

**SO RECOMMENDED**, this 21st day of January, 2014.

s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

llf