IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WILLIE HALL IV, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:12-cv-183 (WLS) |
| : | |
| MS. DUNLAP, Warden CEDRIC : | |
| TAYLOR, and DEPUTY WARDEN : | |
| J. JEFFERSON, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Before the Court is a January 21, 2014 Recommendation from United States Magistrate Judge Thomas Q. Langstaff on Defendants' Motion to Dismiss for Lack of Exhaustion. (Docs. 16, 24.) For the reasons that follow, the Court does not adopt the Recommendation and grants the motion to dismiss.

## PROCEDURAL BACKGROUND

Willie Hall IV (Hall) filed this 42 U.S.C. § 1983 case against various Georgia prison employees to contest the conditions of his confinement. Hall alleges that, while incarcerated at the Autry State Prison, Defendant Officer Dunlap identified him in front of other inmates as a "snitch," resulting in the Gangsta Disciples placing a prison bounty on his life. He claims that, about a week after the incident, inmates attacked him. Warden Cedric Taylor and Deputy Warden Jefferson allegedly then transferred Hall to Coffee County Correctional Facility, where inmates continued to target him as a result of the statewide bounty. Hall argues that Taylor and Jefferson are liable because they failed to inform prison officials at CCF about the bounty.

In a pre-answer motion to dismiss, Defendants Dunlap, Taylor, and Jefferson move to dismiss the complaint for, among other things, failure to exhaust administrative remedies. In particular, Defendants argue that Hall failed to exhaust his administra-

1

tive remedies because the only grievance he pursued through the Department of Corrections' three-step grievance process was rejected as untimely.

Hall argues, in response, that he exhausted his administrative remedies because his counselor waived the timely filing requirement for his informal grievance. In addition, he asserts that his formal grievance was adjudicated on the merits, further supporting the argument that the time requirements were waived.

Defendants' motion was referred to the magistrate judge. In the Recommendation, the Magistrate Judge recommends, in pertinent part, that the Court deny the portion of Defendants' motion seeking dismissal of Defendant Dunlap for failure to exhaust administrative remedies. The magistrate judge reasons that the Department of Corrections waived the timely filing requirements by adjudicating his formal grievance on the merits. Because neither Hall's informal nor formal grievances were denied as untimely, "[he] had no reason to believe that his grievances had not been accepted and that his appeal would not be decided on the merits."

Defendants and Hall have objected to various portions of the Recommendation. After review, the Court concludes the magistrate judge erred in concluding that Hall had exhausted his administrative remedies. The Court therefore sustains Defendants' objection, grants Defendants' motion to dismiss, and overrules Hall's objection as moot.

## DISCUSSION

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust available administrative remedies before filing suit in federal court. 42 U.S.C § 1997e(a). Therefore, "when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before filing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (quoting *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000)). Exhaustion is mandatory, *Booth v. Churner*, 532 U.S. 731, 739 (2001), and a federal court has no discretion to waive the exhaustion requirement, *Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008).

Not only must a prisoner "exhaust" available administrative remedies, he must exhaust those remedies properly—meaning he must comply "with the system's critical

procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). Therefore, under the PLRA, a prisoner must meet the grievance procedure's deadlines and other filing requirements. *Id.* at 95–96; *Johnson*, 418 F.3d at 1159. In Georgia, among other requirements, a prisoner must either file a timely grievance to begin the administrative process or seek leave to file an out-of-time grievance upon a showing of good cause. *Johnson*, 418 F.3d at 1159; *see Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) ("Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies.").

Courts in the Eleventh Circuit follow a two-step procedure to resolve motions to dismiss for failure to exhaust administrative remedies:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citations omitted).

Applying that procedure, the magistrate judge concluded that the complaint was not subject to dismissal at the first step and, proceeding to the second step, found Hall had exhausted his administrative remedies. The magistrate judge reasoned that the CCF addressed Hall's formal grievance on the merits. And "[a]s neither Plaintiff's informal nor formal grievance was denied because the informal grievance was not filed within the required time period, Plaintiff had no reason to believe that his grievances had not been accepted and that his appeal would not be decided on the merits."

The Court finds this reasoning unpersuasive under existing precedent and persuasive authority. To the Court's knowledge, the Eleventh Circuit has never squarely addressed the argument that the state waives exhaustion by addressing a prisoner's grievance on the merits. A number of courts of appeals have addressed that situation and have held that a prisoner exhausts his administrative remedies when the state fully reviews a grievance on the merits. *Hill v. Curcione*, 657 F.3d 116, 125 (2d Cir. 2011); *Reed-*

3

*Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004); *Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000).

While the Court finds no reason to disagree with those decisions, this case presents a different situation. Here, the State expressly and unequivocally denied Hall's grievance as untimely on appeal. And where the State's last administrative body denies a grievance for a valid procedural reason, the Court is required to find the grievance unexhausted under the PLRA. Indeed, most courts in circuits that have adopted a waiver rule would apparently require a decision on the merits at every stage of review or at least at the last stage before finding a waiver of exhaustion. *E.g.*, *Cook v. Caruso*, 531 F. App'x 554, 563 (6th Cir. 2013) ("For *Reed-Bey*'s holding to apply, [the plaintiff] would have to receive 'merit-based responses *at each step*.'" (quoting *Reed-Bey*, 603 F.3d at 325 (emphasis added)); *Casey v. Smith*, 71 F. App'x 916, 918 (3d Cir. 2003) ("Although we have found that exhaustion can be waived if the ultimate administrative authority fully examines the grievance on the merits . . . [plaintiff] cannot escape the fact that his grievance was determined to be untimely in the final administrative stage."); *Caldwell v. Nelson*, No. 12-cv-02990-RBJ-BNB, 2013 WL 5586065, at *4 (D. Colo. Oct. 10, 2013); *Gara v. Kelley*, No. 10-CV-0769-MJR-SCW, 2012 WL 3683556, at *3–4 (S.D. Ill. Aug. 24, 2012).

These holdings are buttressed by the fact that courts have repeatedly compared the PLRA to the law on habeas corpus. *E.g.*, *Woodford*, 548 U.S. at 92. For example, when it suggested that an administrative authority could waive exhaustion under the PLRA, the Seventh Circuit looked to the law on collateral attack. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("Consider once more the analogy to collateral attack: if a state court accepts a belated filing, and considers it on the merits, that step makes the filing 'proper' for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court."). And in the context of collateral attack, procedural default precludes federal habeas review if the *last* state court rests its judgment on a procedural default. *Yist v. Nunnemaker*, 501 U.S. 797, 801 (1991).

4

Finally, ignoring the State's appellate body is at odds with the principles and rationales underlying exhaustion. "Exhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court.'" *Woodford*, 548 U.S. at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Part of that opportunity surely includes a meaningful appellate review to create uniformity among lower decisionmakers and to correct errors in the interpretation and application of prison procedure. In addition, considering the decision of the last administrative body avoids interruption of the administrative process, allows the agency to develop a complete administrative record, and permits the agency to exercise its discretion and expertise. *See Johnson*, 418 F.3d at 1156 (discussing policies favoring exhaustion).

Therefore, the Court concludes, at the second stage of review, *see Turner*, 541 F.3d at 1082, that Hall's grievance was unexhausted. It is undisputed that Hall filed an untimely informal grievance. Although the State addressed his formal grievance on the merits, it denied his appeal because the informal grievance was untimely filed.[1] There is no evidence in the record that a counselor actually waived the untimeliness. And there is no evidence that Hall sought leave to file an out-of-time grievance upon a showing of good cause to excuse the noncompliance.

---

[1] To the extent Hall argues that he could not timely file his grievance at the Autry State Prison because of his transfer to CCF, the Eleventh Circuit has rejected a similar claim, holding that even if a grievance procedure is unavailable at one prison, a prisoner must exhaust his available remedies upon transfer. *Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008) ("Even assuming—without deciding—that no grievance procedures were available to Priester at Rogers [State Prison], the record supports that Priester did have grievance procedures available to him when he transferred to GSP. Yet, he failed to exhaust them.").

## CONCLUSION

For those reasons, the Court declines to adopt the Recommendation and **GRANTS** the motion to dismiss Hall's complaint. (Doc. 16.) Hall's complaint is therefore **DISMISSED** without prejudice as unexhausted. Defendants' objection is therefore **SUSTAINED** and Hall's is **OVERRULED** as moot. Hall's Motion for Protection (Doc. 27) is **DENIED** without prejudice as moot.

**SO ORDERED**, this ___31st___ day of March, 2014.

                                                /s/ W. Louis Sands
                                        **W. LOUIS SANDS, JUDGE**
                                        **UNITED STATES DISTRICT COURT**